FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN -8 PM 3: 38

U.S. DISTRICT COURT
N.D. OF ALABAMA

MASSACHUSETTS BAY INSURANCE )
CO, )
 )
    Plaintiff, )          CIVIL ACTION NO.
 )
    vs. )                 CV-96-AR-1287-S          *C/ko*
 )
STATE BANK & TRUST. et al., )
 )
    Defendants. )

**ENTERED**

**JAN   8 1997**

### MEMORANDUM OPINION

The court has before it a motion for summary judgment in the
above-entitled declaratory judgment action filed by plaintiff
Massachusetts Bay Insurance Company ("Massachusetts Bay").
Massachusetts Bay wants this court to tell it what, if any,
obligations it has to defend and indemnify defendant, State Bank &
Trust of Winfield, Alabama ("State Bank"), *inter alia*, in two
pending state court tort and contract actions against State Bank,
namely, *Eads v. American General Life Ins. Co.*, CV-95-233 (Cir. Ct.
of Marion County, Ala.) and *Norris v. State Bank and Trust of
Winfield*, CV-96-57 (Cir. Ct. of Marion County, Ala.).  The other
named defendants are American General Insurance Company, Life
Investors Insurance Company of America, Jewell Eads and Lela Norris

1

who are relying on State Bank, the alleged torfeasor.  State Bank concedes in its response brief filed on December 12, 1996, that Massachusetts Bay is entitled to judgment on the coverage question on both of these particular claims because the events out of which the claims arose did not occur until after the Massachusetts Bay coverage lapsed on January 1, 1994.  It follows that there exist no genuine disputes of material fact, and that Massachusetts Bay is entitled to summary judgement as a matter of law with respect to the coverage questions in *Eads* and *Norris*. Massachusetts Bay's motion for summary judgement, as to these two claims must be granted.

The underlying *Eads* complaint contains a request for class certification.  The *Norris* complaint does not. This opinion and the accompanying decree are not meant to bind, and could not bind, persons who may have similar claims arising out of occurrences pre-dating January 1, 1994.

Massachusetts Bay also asks for summary judgment on State Bank's counterclaim for coverage arising from an action brought against State Bank by Muriel and Diana Vines, namely, *Vines v. State Bank & Trust,* CV-94-139 (Cir. Ct. of Marion County, Ala.). The *Vines* complaint contains claims for breach of contract,

2

misrepresentation and suppression of material fact, outrage, and unconscionable conduct. As to the Vines' causes of action sounding in contract, Massachusetts Bay owes no coverage to State Bank because the alleged breaches did not constitute an "occurrence"[1] as defined in the insurance contract. Interpreting similar insurance contract language, Alabama courts have found that coverage like this contract provides, i.e., for "bodily injury" or "property damage" arising from an "occurrence", does not apply to breaches of contract. *See, e.g., Reliance Ins. Co. v. Gary C. Wyatt, Inc.*, 540 So. 2d 688 (Ala. 1988). As to the coverage demanded for claims sounding in contract, including breach of contract and unconscionable conduct allegedly arising from the drafting of the insurance contact itself, Massachusetts Bay's motion for summary judgment will be granted. State Bank does not contest this result.

State Bank, however, insists on coverage for the tort claims made by the *Vines* plaintiffs. The direct deposition testimony of Mrs. Vines is admittedly contrary to her cross-examination testimony and her sworn affidavit as to when she and her husband suffered the "mental distress" allegedly caused by State Bank's

---

[1]Under the policy, Massachusetts Bay is liable for any "bodily damage" or "property damage" caused by an "occurrence". An "occurrence" as defined by the insurance contract "means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

3

tortious conduct. Mr. Vines' deposition testimony adds to the confusion.   He says he is unsure whether he first suffered his alleged mental distress in 1993 or 1994.  His affidavit, like Mrs. Vines' affidavit, states that no such damage occurred until after January 1, 1994.  Mr. Vines, who cannot read, signed his affidavit only after it was read to him by his wife.  These types of factual and credibility disputes are of the kind typically resolved by a jury and not on Rule 56 disposition.  Because there may exist genuine disputes of material fact on the tort aspects of the *Vines* case coverage, Massachusetts Bay's motion for summary judgment, as to State Bank's contested coverage arising from those aspects of the *Vines* complaint, will be denied.

DONE this _____ day of January, 1997

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT

4